Lu v. Lynch

BIA
Van Wyke, IJ
A074 324 873

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARYORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of July, two thousand fifteen.

PRESENT:
>        JOSÉ A. CABRANES,
>        DEBRA ANN LIVINGSTON,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

WAN YAN LU,
>        *Petitioner,*

>        v.                                14-2756
>                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*[1]

_____

FOR PETITIONER:         Joshua Bardavid, New York, New York.

---

1 - Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Benjamin C. Mizer, Acting Assistant Attorney General; Melissa Neiman-Kelting, Senior Litigation Counsel; Kristofer R. McDonald, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and in part DISMISSED.

Wan Yan Lu, a native and citizen of the People's Republic of China, seeks review of a July 3, 2014, decision of the BIA, affirming the October 11, 2012, decision of an Immigration Judge ("IJ"), denying his motion to reopen. *In re Wan Yan Lu*, No. A074 324 873 (B.I.A. Jul. 3, 2014), *aff'g* No. A074 324 873 (Immig. Ct. N.Y. City Oct. 11, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C.

§ 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We review the denial of motions to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69, 173 (2d Cir. 2008). A motion to rescind an *in absentia* removal order is reviewed under the same standard as a motion to reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). While a motion to rescind based on a lack of notice may be filed at any time, a motion based on "exceptional circumstances" must be filed within 180 days of a removal order. 8 U.S.C. § 1229a(b)(5)(C)(i), (ii). Exceptional circumstances are defined as "circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1).

Here, Lu does not dispute that he received notice of his removal hearing and that his motion to rescind was filed more than 11 years after the 180-day deadline. Instead, he challenges the agency's determination that he did not exercise

3

due diligence such that tolling of the deadline was warranted. The agency did not abuse its discretion in determining that, by waiting more than 11 years to seek reopening, Lu did not demonstrate due diligence. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715-16 (2d Cir. 2007) (per curiam) (finding no abuse of discretion where the BIA held that a delay of five months between filing a *Lozada* complaint and filing a motion to reopen constituted a lack of due diligence); *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (movant lacked due diligence when there was a 14 month delay between becoming "dissatisfied" with his attorney and consulting a different attorney). Moreover, a movant is required to demonstrate "due diligence" in pursuing a claim "during the entire period he . . . seeks to toll." *Rashid*, 533 F.3d at 132. Lu's vague statement in his affidavit that he "went to other attorneys" is hardly sufficient to show, as he argues, that the agency erred in not considering his "unbroken efforts" to seek alternative counsel. Indeed, he apparently only moved to rescind his *in absentia* order after a friend urged him to seek counsel.

We generally lack jurisdiction to review the agency's denial of a motion to reopen pursuant to its sua sponte authority. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006)

(per curiam). However, we may remand for the agency to reconsider a decision declining to sua sponte reopen if the agency misperceived the law, for example, by erroneously concluding that an application for relief "would necessarily fail." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). Lu argues that the BIA failed to consider certain discretionary factors in declining to exercise its sua sponte authority to reopen. However, the BIA's failure to explicitly address these discretionary factors was not a misperception of law or an erroneous conclusion about Lu's eligibility for some form of relief. The agency's decision therefore does not fall within the ambit of *Mahmood*. Accordingly, we lack jurisdiction over this issue, and the petition for review is dismissed to this extent. *See id; Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED in part and in part DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in

accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk